AO 106 (Rev. 04/10)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT
### for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) |
| | ) Case No. 3:19-mj-430 |
| CELLULAR TELEPHONE ASSIGNED | ) |
| CALL NUMBER (937) 610-8200 | ) |
| | ) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A - This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A) and Federal Rule of Criminal Procedure 41.

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC 841 / 846 | distribution of controlled substance / conspiracy to distribute controlled substance |
| 21 USC 843(b) | use of a communication facility, in facilitating the commission of any act or acts |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT

- ☑ Continued on the attached sheet.
- ☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

SA LAUREN WAGNER, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __8/1/19__

_____
*Judge's signature*

City and state:  DAYTON, OHIO

Hon. Michael J. Newman, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| IN THE MATTER OF THE SEARCH OF CELLULAR TELEPHONE ASSIGNED CALL NUMBER (937) 610-8200 | Case No. _____ <br><br> **Filed Under Seal** |
| --- | --- |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Lauren Wagner, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number:

 a. (937) 610-8200, subscribed to by Ralph Lauren with an address of 2809 Salem Avenue, Dayton, Ohio (hereinafter "**Target Telephone**"). The **Target Telephone's** service provider is AT&T, a wireless telephone service provider headquartered at 11760 US Highway #1, North Palm Beach, Florida   The **Target Telephone** is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2.      I am a Special Agent with the United States Drug Enforcement Administration (DEA), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 21, United States Code, Section 878. The information contained in this Affidavit is either personally known by me or relayed to me by other law enforcement officers involved in this investigation.

3.      Your Affiant has been employed as a Special Agent by the United States Department of Justice, DEA, since September 2017 and is currently assigned to the DEA Detroit

Division Dayton Resident Office, Group D-46.  Prior to your Affiant's employment with the DEA, your Affiant served as a Criminal Investigator for the New York State Department of Taxation and Finance Criminal Investigations Division, Cigarette Strike Force from September 2013 to August 2017 wherein your Affiant has investigated financial crimes to include; money laundering, structuring habits, and cash smuggling.  Your Affiant has interviewed numerous subjects/defendants involved in and/or arrested for tax and drug violations and has participated in several joint interagency federal and state investigations.  In September 2017, your Affiant reported to DEA Basic Agent Training in Quantico, Virginia.  In January 2018, your Affiant completed the 19 week Basic Agent Training Academy at the DEA Justice Training Center in Quantico, Virginia.  While attending Basic Agent Training, your Affiant received instruction on topics including narcotics identification, surveillance techniques, methods of operation of narcotics traffickers, law, evidence handling, undercover operations, current trends/patterns involving the distribution of narcotics, as well as other areas of drug enforcement.

    4.     The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 21 U.S.C. §§ 846 and 841; and 21 U.S.C. § 843(b) have been committed, are being committed, and will be committed by Crawford BOGLE and others known and unknown to Affiant.  There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations and will lead to the identification of individuals who are engaged in the commission of these offenses.

2

## FACTS ESTABLISHING PROBABLE CAUSE

5.      This investigation is currently targeting a Drug Trafficking Organization (herein after referred to as "DTO") that collects, transports, and distributes bulk United States Currency (hereafter referred to as "USC") that represent the proceeds of drug trafficking activity. As detailed more fully below, I am aware that Crawford BOGLE ("BOGLE") serves an integral role in this DTO and distributes bulk amounts of fentanyl and methamphetamine on its behalf in the Dayton, Ohio area.

6.      BOGLE has a history of drug trafficking activity. During in or around October 2013, he pleaded guilty to a federal drug charge in the United States District Court for Southern District of Ohio and ultimately received a 70 month term of imprisonment in that case. During the investigation of that matter, law enforcement recovered quantities of cocaine, crack cocaine, and marijuana. BOGLE has additional contacts with the criminal justice system, including: burglary, bribery, menacing, possession of drugs, possession of cocaine, permitting drug abuse, and possession of drug paraphernalia.

7.      I know that, during fall 2018, the Dayton Police Department used an informant to purchase small quantities of narcotics from BOGLE. Around this same time, I received information from a DEA Confidential Source ("CS1") that BOGLE was back on the streets of Dayton trafficking in narcotics after being released from federal prison. CS1 has relayed actionable and credible intelligence for the past approximate two years that has led to multiple arrests and seizures. Given this circumstance, CS1 is deemed to be reliable and credible.

8.      In April 2019, I learned that BOGLE was still on federal supervised release. Around that time, law enforcement was involved in a money pick up of suspected drug proceeds from BOGLE. During this incident, law enforcement saw BOGLE meet with Dayton Police

3

Detective who was working in an undercover capacity (UC). BOGLE placed a plastic bag into a trash can for the UC; when recovered, the bag was found to contain approximately $30,000.00 in suspected drug proceeds. BOGLE used the **Target Telephone** to communicate with the UC about the transaction on the days leading up to, and on the day of, the $30,000.00 transaction. After the meeting, law enforcement followed BOGLE and watched as he drove to 4492 Riverside Drive, Dayton, OH, parked in the attached lot, and entered with a key into the building. Members of the Dayton RO corroborated this observation with prior DPD surveillances wherein it was determined that BOGLE utilizes apartment B1 within the aforementioned address.

9. On May 22, 2019, members of the Dayton RO conducted mobile surveillance of BOGLE wherein BOGLE drove from 4492 Riverside Drive, Dayton, OH to the Cincinnati Airport. At this time, members of the Dayton RO secured a search warrant for 4492 Riverside Drive, Dayton, OH. As a result of the execution of this search warrant, a total of approximately 1,061 grams of suspected fentanyl and approximately 2,390 grams of suspected methamphetamine were recovered from that location.

10. On or about July 29, 2019, the Honorable Walter H. Rice, United States District Court Judge, authorized the interception of wire and electronic communications over BOGLE's phone – namely, the **Target Telephone**. Pursuant to that order, law enforcement has intercepted BOGLE on the **Target Telephone** since on or about July 30, 2019. Since the start of interception, law enforcement has monitored several calls involving suspected drug trafficking activity. For instance, on or about July 30, 2019, at approximately 11:53 AM, BOGLE used the **Target Telephone** to contact phone number 310-497-0539, and DEA intercepted the ensuing conversation that occurred between these two telephone numbers. During the call, the user of

4

the 310-497-0539 number (UM0539) and BOGLE, using the **Target Telephone**, engaged in

following telephone conversation concerning a drug transaction.   In particular:

UM0539- what's up

BOGLE- what up playa

UM0539- *U/I (or unintelligible)*

BOGLE- Shit I was callin bout getting one of them to you

UM0539- I'm over here

BOGLE- you down by actually come meet me how we used to do it?

UM0539- uh yea yup you where you at?

BOGLE- Shit im gonna be off main Street somewhere

UM0539- I already got my bitch sitting off main Street off bruce right now so I call her it comes straight to me so let me know when you ready

BOGLE- sure, all you gotta do is send her to me and imma get ill get you

UM0539- alright you ready where you want her to come to?

BOGLE- I don't know I'm get at one of these spots on main, I might go down on bruce on her cuz she aint that far fro me.

UM0539- yea yea yup she I'll text you the address its on the *U/I* side the the chinese restaurant as you go down the Hill a Little bit.

BOGLE- by the Barber?

UM0539- yea right by the Barber

BOGLE- hey is that the same girl you always send?

UM0539- yea yup yup

BOGLE- alright imma put that together

UM0539- alright

BOGLE- alright

Based on my training and experience, I believe that, during this call, BOGLE, using the **Target Telephone**, and UM0539 discuss a drug transaction. UM0539 planned to receive drugs from BOGLE, and UM0539 would send a woman to obtain them. Through following intercepted calls between BOGLE, on the **Target Telephone**, and UM0539, agents learned that BOGLE arranged to meet directly with UM0539 and gave him the "one," UM0539 was waiting for as noted in the call above. Based on my training and experience, I believe that BOGLE used the **Target Telephone** to arrange a drug transaction with UM0539 – namely, the delivery of controlled substances – to UM0539 from BOGLE. Given that BOGLE, the user of the **Target Telephone**, has employed this device to participate in a drug deal, BOGLE likely keeps the **Target Telephone** with him. Accordingly, location information concerning the **Target Telephone** will help identify the location of BOGLE and the places where BOGLE engages in additional drug trafficking activity.

11.     Based on my training and experience, I know that individuals involved in the drug trade frequently place in fictitious names the cellular telephones that they use to engage in their drug activity. I believe the name Ralph Lauren is fictitious and based on a well-known fashion designer. I could not locate a real person to attribute to the name. I believe the location of the phone will assist in revealing the location of BOGLE as well as aid law enforcement determine the scope and members of BOGLE's DTO.

12.     Based on my training and experience, I know that AT&T can collect cell-site data about the **Target Telephone**. AT&T can also collect E-911 Phase II data about the location of the **Target Telephone**, including by initiating a signal to determine the location of the **Target Telephone** on AT&T's network or with such other reference points as may be reasonably

6

available. I know that this location information will assist law enforcement identify the user of the **Target Telephone** and the locations frequented by the user. Additionally, the location information may also lead law enforcement to locations at which the user of the **Target Telephone** is storing or selling illegal drugs. Additionally, this information will assist law enforcement observe potential meetings between the user of the **Target Telephone** and other individuals with whom he is trafficking narcotics, *i.e.*, coconspirators.

## AUTHORIZATION REQUEST

13.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

14.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the **Target Telephone** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. Moreover, to the extent that the warrant authorizes the seizure of any tangible property, any wire or electronic communication (as defined in 18 U.S.C. § 2510), or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above.

15.     I further request that the Court direct AT&T to disclose to the government any information described in Attachment B that is within the possession, custody, or control of AT&T. I also request that the Court direct AT&T to furnish the government all information,

7

facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with AT&T's services, including by initiating a signal to determine the location of the **Target Telephone** on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

16.     I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the **Target Telephone** outside of daytime hours.

17.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

Lauren Wagner, Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me on ___8/1/19___ , 2019

HONORABLE MICHAEL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

8

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number (937) 610-8200, subscribed to by Ralph Lauren with an address 2809 Salem Avenue, Dayton, Ohio (hereinafter "**Target Telephone**"), whose service provider is AT&T, a wireless telephone service provider headquartered at 11760 US Highway #1, North Palm Beach, Florida.

2. Information about the location of the **Target Telephone** that is within the possession, custody, or control of AT&T.

## ATTACHMENT B

### Particular Things to be Seized

All information about the location of **Target Telephone** described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of **Target Telephone**" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephones described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of AT&T, AT&T is required to disclose the Location Information to the government. In addition, AT&T must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with AT&T's services, including by initiating a signal to determine the location of the **Target Telephone** on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

To the extent that the Location Information includes tangible property, wire or electronic communications (as defined in 18 U.S.C. § 2510), or stored wire or electronic information, there is reasonable necessity for the seizure. *See* 18 U.S.C. § 3103a(b)(2).

2